# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| **METROPOLITAN ENGINEERING, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-1413 |
| ) | |
| **WDG ARCHITECTURE, PLLC,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

In this copyright infringement case, Plaintiff Metropolitan Engineering, Inc. ("Plaintiff") alleges that four defendants—(i) WDG Architecture, PLLC, (ii) Girard Engineering, Inc., (iii) Renaissance Centro Tysons, LLC, and (iv) HOAR Construction, LLC, (collectively, "Defendants")—copied and distributed Plaintiff's copyrighted engineering drawings. Plaintiff's original Complaint alleged copyright infringement against all four defendants (Counts I–IV), as well as breach of contract, unjust enrichment, and quantum meruit (Counts V–IX).

In response to Plaintiff's first Complaint, Defendants filed a Motion to Dismiss. On March 24, 2023, an Order issued granting in part and denying in part Defendants' Motion to Dismiss. Specifically, Defendants' motion was granted with respect to Plaintiff's copyright infringement claims in Counts I–IV, which were dismissed without prejudice and with leave to amend because Plaintiff's Complaint included only conclusory allegations that the Defendants had copied Plaintiff's drawings. *See* Order Issued March 24, 2023, Dkt. 49. Defendants' motion was denied with respect to Plaintiff's breach of contract, unjust enrichment, and quantum meruit claims in Counts V–IX.

After Defendants' original Motion to Dismiss was granted in part and denied in part,

1

Plaintiff filed an Amended Complaint, alleging the same nine claims against Defendants as alleged in the original Complaint. Importantly, the Amended Complaint includes additional facts in support of Plaintiff's copyright infringement claims in Counts I–IV. In response, Defendants filed a Motion to Dismiss the Amended Complaint, which is currently at issue. In this motion, Defendants argue that Plaintiff's Amended Complaint must be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., because the Amended Complaint fails to cure the deficiencies present in Plaintiff's first Complaint and does not state a claim for copyright infringement against any defendant.[1] Defendants also renew their arguments for dismissal of Counts V–IX, which were rejected by the Order issued on March 24, 2023.

Defendants' Motion to Dismiss the Amended Complaint has been fully briefed and argued and is now ripe for disposition. For the reasons that follow, Defendants' Motion to Dismiss the Amended Complaint must be granted with respect to Girard Engineering, Inc., but denied with respect to all other Defendants.

**I.**

The facts alleged in Plaintiff's Complaint, which must be accepted as true solely for the purpose of resolving Defendants' motions to dismiss,[2] may be summarized as follows:

- Plaintiff provides professional engineering services to architects in Virginia, Maryland, and D.C. In providing these services, Plaintiff routinely prepares design drawings for mechanical, electrical, and plumbing engineering projects. Plaintiff's drawings provide an illustration for contractors and subcontractors and detail where contractors should install ductwork, plumbing, piping, electrical systems, and fire protection systems. Plaintiff's drawings are often submitted to the local governing authority during the permitting process to receive construction permits.

---

[1] All four Defendants seek dismissal of Plaintiff's Amended Complaint, and although each Defendant filed a separate Motion to Dismiss, the Defendants filed a single omnibus brief in support of the motions. *See* Def.'s Omnibus Br. in Supp. of Mot. to Dismiss, Dkt. 54. Defendant Girard Engineering, Inc., has also filed an individual reply brief to address the "unique and narrow facts and sole claim alleged against it in the Amended Complaint." *See* Girard's Reply in Supp. of Mot. to Dismiss, Dkt. 59 at 1.

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

- Defendant WDG Architecture, PLLC ("WDG") is a Virginia limited liability company with its principal place of business in Washington, D.C.

- Defendant Girard Engineering, Inc. ("Girard") is a Virginia corporation with its principal place of business in Washington, D.C.

- Defendant Renaissance Centro Tysons, LLC is a Delaware limited liability company with its principal place of business in Bethesda, Maryland.

- Defendant HOAR Construction, LLC ("HOAR") is a Delaware limited liability company with its principal place of business in Birmingham, Alabama.

- This lawsuit involves a building project for a 23-story residential condominium building in Fairfax County, Virginia known as the "Arbor Row Project" or "The Monarch." Defendant Renaissance Centro Tysons, LLC (referred to by the parties as "the Owner") is the property owner of this building project.

- WDG served as the Owner's architect for the Arbor Row Project.

- On September 19, 2014, Plaintiff and WDG entered into a "Consultant's Agreement" relating to the preparation of engineering drawings for mechanical, electrical, and plumbing systems for the Arbor Row Project. In the Consultant's Agreement, Plaintiff agreed to prepare engineering drawings and permit documents to submit to Fairfax County for review. In exchange, WDG agreed to pay Plaintiff $179,900. The agreement also provided for additional fees if WDG requested additional services from Plaintiff.

- From May 2016 to May 2017, Plaintiff and WDG worked together to develop the permit documents. Plaintiff designed and drafted three sets of engineering drawings during this iterative process. In May 2017, Plaintiff and WDG submitted the documents to Fairfax County. The final set of drawings consisted of 30 mechanical drawings, 51 electrical drawings, and 43 plumbing drawings.

- Fairfax County reviewed Plaintiff's plumbing, gas, mechanical, electrical, and fire drawings from June 2017 to March 2019. This lengthy period of review by Fairfax County is typical for a complex project like the Arbor Row Project.

- In June 2019, the Owner terminated the original prime contractor on the Arbor Row Project, who is not named as a defendant in this case. The Owner then hired HOAR in July 2019 as the new prime contractor. After the Owner hired HOAR, either WDG or the Owner gave HOAR a copy of Plaintiff's engineering drawings, which HOAR used for the remainder of the project.

- Plaintiff registered the final set of the engineering drawings with the United States Copyright Office on June 18, 2020 (hereinafter the "Copyrighted Documents"). Plaintiff owns the original designs depicted on the Copyrighted Documents and all exclusive copyrights therein.

3

- On October 22, 2020, Plaintiff provided WDG with a final set of the Copyrighted Documents.

- In November 2020, HOAR and/or the Owner posted a copy of Plaintiff's Copyrighted Documents on a website called "Building Connected," which is a pre-construction bidding platform used by HOAR to solicit bids from subcontractors. The Amended Complaint alleges that the drawings posted on the Building Connected website are nearly identical to Plaintiff's drawings. Indeed, Plaintiff has attached the drawings from the Building Connected website as Exhibit 3 to the Amended Complaint and alleges that of the 31 individual mechanical drawings posted on the website, 29 are exact duplicates of the Copyrighted Documents.

- At a minimum, four subcontractors accessed or downloaded Plaintiff's Copyrighted Documents from the Building Connected website. Plaintiff alleges that approximately 45 subcontractors likely accessed Plaintiff's Copyrighted Documents on the website.

- WDG failed to pay Plaintiff all amounts due under the Consultant's Agreement. The total balance due to Plaintiff is $92,412.52.

- At some point before May 27, 2021,[3] WDG and the Owner hired Girard, a different engineering firm, to replace Plaintiff and to complete engineering services at the Arbor Row project. Despite hiring Girard as the new engineering firm for the project, WDG never terminated its Consultant's Agreement with Plaintiff. WDG has not paid Plaintiff for Plaintiff's services since April 2020.

- On May 27, 2021, Girard submitted a 50-page set of mechanical design drawings to Fairfax County. Plaintiff has not attached these drawings to the Amended Complaint or included any description of the drawings.

- On June 1, 2021, Fairfax County issued a building permit for the Arbor Row Project. Plaintiff alleges that the building permit was based only on Plaintiff's drawings and could not have been based on any drawings by Girard because every submission to Fairfax County until May 27, 2021 consisted of drawings by Plaintiff. According to Plaintiff, had HOAR and the Owner waited for Girard to create a new set of engineering drawings, HOAR and the Owner would have had to re-start the permit approval process. This would have delayed the start of construction on the Arbor Row Project by at least a year.

- The Amended Complaint alleges that all Defendants have distributed, used, and continue to use unauthorized copies of the Copyrighted Documents in connection with the Arbor Row Project without Plaintiff's permission and without paying Plaintiff in full.

---

[3] The Amended Complaint notes that the exact date that the Owner hired Girard is unknown to Plaintiff.

4

Based on these facts, Plaintiff brings the following nine counts in the Amended Complaint:

  (i)    <u>Count I:</u> Copyright infringement against WDG;

  (ii)   <u>Count II:</u> Copyright infringement against Girard;

  (iii)  <u>Count III:</u> Copyright infringement against the Owner;

  (iv)   <u>Count IV:</u> Copyright infringement against HOAR;

  (v)    <u>Count V:</u> Breach of contract against WDG for failing to pay Plaintiff $92,412.52 for services performed on the Arbor Row Project;

  (vi)   <u>Count VI:</u> Unjust enrichment against WDG, which Plaintiff pleads in the alternative to Count V if no binding contract exists between Plaintiff and WDG;

  (vii)  <u>Count VII:</u> Quantum meruit as to WDG, which Plaintiff pleads in the alternative to Count V if no binding contract exists between Plaintiff and WDG;

  (viii) <u>Count VIII:</u> Unjust enrichment as to the Owner; and

  (ix)   <u>Count IX:</u> Quantum meruit as to the Owner.

*See* Am. Compl., Dkt. 50 at 13–19.

Defendants now argue in their Motion to Dismiss that the Amended Complaint fails to cure the defects in the original Complaint and that Plaintiff's copyright infringement claims against all four Defendants must be dismissed. Defendants also renew their arguments that Counts V–IX should be dismissed. For the reasons that follow, Defendants' Motion to Dismiss must be denied with respect to WDG, the Owner, and HOAR. But Defendants' Motion to Dismiss must be granted with respect to Girard, who is only named in Count II.

**II.**

Defendants first argue that Counts I, II, III, and IV of the Amended Complaint must be dismissed because Plaintiff has failed to plead adequately a claim for copyright infringement against any Defendant. The Fourth Circuit has instructed that in order "[t]o establish a claim for copyright infringement," a plaintiff must prove (1) that the plaintiff "possesses a valid

5

copyright," and (2) that the defendant "copied elements of [the plaintiff's] work that are original and protectable." *Copeland v. Bieber*, 789 F.3d 484, 488 (4th Cir. 2015). Defendants do not argue that Plaintiff has failed to plead ownership of a copyright, and any such argument would fail because Plaintiff has alleged that it registered the Copyrighted Documents with the Copyright Office, which is sufficient to allege ownership at this stage. *See Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010). Instead, Defendants contend that Plaintiff failed to allege facts showing that any Defendant copied protected elements of Plaintiff's drawings. This argument is analyzed below, first with respect to WDG, HOAR, and the Owner, and second with respect to Girard.

### A.

Plaintiff has sufficiently alleged in the Amended Complaint that Defendants WDG, HOAR, and the Owner copied Plaintiff's engineering drawings. There are two ways a plaintiff may establish that a defendant "copied elements of [the plaintiff's] work that are original and protectable." *Copeland*, 789 F.3d at 488. First, the plaintiff may allege "direct evidence of copying," which includes evidence such as "party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 537 (4th Cir. 2015). But because direct evidence of copying is "hard to come by," plaintiffs also may prove copying "indirectly," with evidence showing (1) "that the defendant had access to the copyrighted work," and (2) "that the purported copy is 'substantially similar' to the original." *Copeland*, 789 F.3d at 488 (quoting *Universal Furniture*, 618 F.3d at 435). The Fourth Circuit describes this as an "inference of copying." *Building Graphics, Inc. v. Lennar Corp.*, 708 F.3d 573, 577 (4th Cir. 2013).

Here, the Amended Complaint establishes an inference of copying with respect to WDG,

6

HOAR, and the Owner. First, the Amended Complaint clearly alleges that WDG, HOAR, and the Owner had access to the Copyrighted Documents. This is so because the Amended Complaint alleges that Plaintiff gave the drawings to WDG and the Owner, who then provided a copy to HOAR. Second, the Amended Complaint adequately alleges that the Defendants created copies of Plaintiff's drawings which were substantially similar to the Copyrighted Documents; in this respect, the Amended Complaint states that HOAR and the Owner posted a set of drawings onto the Building Connected website and that most of these drawings are "identical to drawings in the Copyrighted Documents." Am. Compl. ¶ 51. Indeed, Plaintiff has attached the drawings from the Building Connected website as an exhibit to the Amended Complaint and argues that of the 31 individual drawings posted on the website, 29 are exact duplicates of Plaintiff's Copyrighted Documents. As Judge Cacheris explained in denying a threshold motion to dismiss in a copyright case, "[f]ew similarities could be more substantial than extensive verbatim reproductions of the copyrighted works." *RMC Publications, Inc. v. Phoenix Tech. Sols., LLC*, 2015 WL 6499704, at *3 (E.D. Va. Oct. 27, 2015). Thus, the Amended Complaint's allegation that the posted documents are "identical" to the Copyrighted Documents is more than sufficient to satisfy the requirement that Plaintiff allege substantial similarity to raise an inference of copying. Am. Compl. ¶ 51. Thus, Plaintiff has alleged facts which, if true, support a finding of access and substantial similarity. The Amended Complaint therefore satisfies the Rule 12(b)(6) standard to establish copying by HOAR, the Owner, and WDG.

**B.**

Although the copyright infringement allegations against WDG, HOAR, and the Owner in the Amended Complaint are sufficient to survive a threshold motion to dismiss, the copyright infringement claim against Girard must be dismissed because none of the allegations related to

the copies posted on the Building Connected website involves Girard. Instead, all of Plaintiff's allegations in the Amended Complaint related to Girard may be summarized as follows:

- At some point unknown to Plaintiff but before May 27, 2021, WDG and the Owner hired Girard to replace Plaintiff and to complete engineering services for the Arbor Row Project. Am. Compl. ¶ 56.

- On May 27, 2021, Girard submitted a set of drawings, which Plaintiff refers to as the "permit revision" drawings, to Fairfax County. Plaintiff alleges that the "permit revision" documents consist of "50 pages of mechanical design drawings." *Id.* ¶ 60. Plaintiff has not described the "permit revision" drawings or alleged that they are similar to Plaintiff's copyrighted drawings.

- On June 1, 2021, Fairfax County issued a building permit to HOAR for the Arbor Row Project. *Id.* ¶ 59.

- Plaintiff alleges that Girard "unlawfully and willfully copied [Plaintiff's] Copyrighted Documents" in order to obtain approvals from Fairfax County in 2021 and 2022. *Id.* ¶ 73.

- Plaintiff now argues that "[g]iven the time period for the County's multi-layered and time-consuming review and approval . . . it is obvious that Girard's permit revision of May 27, 2021, was not the basis of the Building Permit issued by the County five days later on June 1, 2021." Pl.'s Br. in Opp. to Def.'s Mot., Dkt. 58 at 19.

These allegations do not suffice to allege copyright infringement by Girard. As explained above, Plaintiff must allege facts supporting either direct copying or an "inference of copying," which requires showing access and substantial similarity. *Building Graphics*, 708 F.3d at 577. Plaintiff has not done either in the Amended Complaint with respect to Girard. All Plaintiff alleges in the Amended Complaint is that Girard submitted 50 pages of "permit revision drawings" to Fairfax County on May 27, 2021. Compl. ¶ 60. Plaintiff does not allege that these 50 pages were direct copies of Plaintiff's Copyrighted Documents, nor does Plaintiff allege that Girard's 50-page set of drawings were substantially similar to Plaintiff's drawings. Because Plaintiff has not described Girard's drawings *at all*, or attached them to the Amended Complaint so that they can be compared to Plaintiff's drawings, there are no facts to support that Girard

either directly copied Plaintiff's drawings or that Girard's drawings were substantially similar to Plaintiff's. Thus, Plaintiff's copyright infringement claim against Girard in Count II must be dismissed. *See Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 263 (4th Cir. 2016) ("[A] district court may properly dismiss a copyright claim in the absence of substantial similarity.").[4]

Seeking to avoid this conclusion, Plaintiff argues that Girard infringed Plaintiff's copyright by revising Plaintiff's drawings in order to create the permit revision drawings that Girard submitted to Fairfax County on May 27, 2021. According to Plaintiff, these revised versions of the drawings are derivative works, and Plaintiff, as the copyright holder, had the exclusive right to create derivative works from Plaintiff's Copyrighted Documents. But this argument fails. To begin with, this argument must be rejected because Plaintiff's allegation that Girard's permit revision drawings are derivative works appears nowhere in the Amended Complaint; instead, Plaintiff raised this argument for the first time in its opposition brief. It is well-established in this District that "parties cannot amend their complaints through their oppositions." *Travelers Indem. Co. of Connecticut v. Lessard Design, Inc.*, 321 F. Supp. 3d 631, 639 (E.D. Va. 2018). Moreover, the Amended Complaint does not contain any facts supporting Plaintiff's new theory that Girard's permit revision drawings are a derivative work of Plaintiff's Copyrighted Documents. Plaintiff has not alleged any facts about the contents of Girard's drawings, including whether the drawings are similar to, or incorporate, any legally protected elements of Plaintiff's Copyrighted Documents. Thus, Plaintiff's argument must be rejected and

---

[4] *See also Levi v. Twentieth Century Fox Film Corp.*, 2018 WL 1542239, at *8–9 (E.D. Va. March 29, 2018) (granting a threshold motion to dismiss a copyright infringement claim where the plaintiff failed to plead facts plausibly demonstrating that the challenged work was substantially similar to the copyrighted work); *Design Basics, LLC v. WK Olson Architects, Inc.*, 2018 WL 3629309, at *3 (N.D. Ill. July 31, 2018) ("Without any identification of similar elements and instead relying only on a blanket statement of copying without any factual basis for support, Plaintiffs have failed to sufficiently [sic] suggest substantial similarity.").

Count II against Girard must be dismissed.

## C.

Defendants next argue that even if Plaintiff's allegations that Defendants copied the Copyrighted Documents are true, Defendants are not liable for copyright infringement because they had a license to use, alter, and reproduce the Copyrighted Documents. According to Defendants, the prime agreement between WDG and the Owner, which was incorporated into the subcontract between Plaintiff and WDG, granted Defendants a license to use, reproduce, or make changes to Plaintiff's Copyrighted Documents. In response, Plaintiff argues that the terms of the subcontract only grant Defendants a license to use the Copyrighted Documents subsequent to payment of fees earned. And in this respect, Plaintiff argues that Defendants owe Plaintiff $92,412.52 under the terms of the subcontract and therefore do not have a license to use or reproduce the Copyrighted Documents.

Defendants' argument that they had license to use the Copyrighted Documents must be rejected at this threshold stage. The existence of a license to use copyrighted materials "constitutes an affirmative defense to an allegation of copyright infringement." *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514 (4th Cir. 2002); *see also Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) ("The existence of a license is an affirmative defense."). As the Fourth Circuit has repeatedly explained, a motion to dismiss "generally cannot reach the merits of an affirmative defense," except in the "relatively rare circumstances" where all facts necessary to the affirmative defense clearly appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Here, all facts necessary to resolve whether Defendants had a license to reproduce the Copyrighted Documents do not appear on the face of the Amended Complaint. For example, there remain issues of fact concerning whether

10

Plaintiff was paid the sums due under its contract. Thus, Defendants' license argument fails at this stage, but Defendants may raise this argument again in support of a motion for summary judgment.

### D.

Finally, Defendants argue that even if Plaintiff's copyright infringement allegations are sufficient under Rule 12(b)(6), Plaintiff's copyright infringement claims must nonetheless be dismissed based on equitable estoppel. According to Defendants, because Plaintiff provided drawings to Defendants in October 2020, six months after Defendants allegedly stopped paying Plaintiff in April 2020, Plaintiff is now estopped from asserting copyright infringement here.

Defendants' equitable estoppel argument fails. Equitable estoppel is an affirmative defense, and a motion to dismiss "cannot reach the merits of an affirmative defense" unless "facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman*, 494 F.3d at 464. Here, the facts alleged in the Amended Complaint do not establish that Plaintiff is equitably estopped from bringing its copyright infringement claims. In this respect, to invoke equitable estoppel, Defendants must show:

> (1) that the plaintiff had actual or constructive knowledge of the truth of a matter; (2) that he misrepresented or concealed material facts to the defendant; (3) that he intended or expected the defendant to rely upon those misrepresentations or concealments; (4) that the defendant did so act; and (5) that his reliance was both reasonable and detrimental.

*Tavory v. NTP, Inc.*, 495 F. Supp. 2d 531, 537 (E.D. Va. 2007) (citing *Elmore v. Cone Mills Corp.*, 187 F.3d 442, 446–47 (4th Cir. 1999)). In other words, the first element to establishing equitable estoppel is that Plaintiff had knowledge that Defendants were infringing Plaintiff's copyrighted materials. Here, Plaintiff alleges in the Amended Complaint that Plaintiff provided Defendants with the final set of copyrighted drawings in October 2020. The Amended Complaint also alleges that Plaintiff did not learn of Defendants' alleged copyright infringement until

11

November 2020, when HOAR posted the drawings on the Building Connected website. Thus, the Amended Complaint alleges that Plaintiff did not learn of Defendants' infringement until a month *after* Plaintiff provided the final set of copyrighted drawings to Defendants in October 2020. Accordingly, Defendants' equitable estoppel argument must be rejected at this time.

### III.

Finally, Defendants renew their argument from their first Motion to Dismiss that that Plaintiff's claims for breach of contract, unjust enrichment, and quantum meruit in Counts V–IX must be dismissed. According to Defendants, Plaintiff was not registered to perform engineering services in Virginia, which Defendants contend renders void the subcontract between Plaintiff and WDG. In support of this argument, Defendants point to § 54.1-411(B) of the Virginia Code, which requires that any "entity offering or rendering the practice of . . . engineering . . . shall register" with the Virginia Board for Architects, Professional Engineers, Land Surveyors, Certified Interior Designers, and Landscape Architects (the "Board"). Va. Code § 54.1-411(B).

This argument—which was already rejected when Defendants' first Motion to Dismiss Counts V–IX was denied[5]—fails once again. Although the Virginia Code requires that entities offering the practice of engineering register with the Board, the statute also states that:

> Nothing contained in this chapter or in the regulations of the Board shall prohibit the practice of . . . engineering . . . by any corporation . . . or other entity **provided such practice or certification is rendered through its officers, principals or employees who are correspondingly licensed or certified**.

Va. Code § 54.1-511(A) (emphasis added). Plaintiff points to this language and argues that the evidence will show that Plaintiff performed its work on the Arbor Row Project through licensed Virginia professional engineer employees, as permitted by Virginia statute. Indeed, the Amended Complaint alleges that Plaintiff's "services are performed by engineers licensed and registered in

---

[5] *See* Order Issued March 24, 2023, Dkt. 49.

Virginia." Am. Compl. ¶ 13. Thus, accepting the facts pled in the Amended Complaint as true, Defendants' argument that Plaintiff's contract with WDG is void must be rejected at this stage.

## IV.

In conclusion, Plaintiff's Amended Complaint alleges facts which, if true, support a claim for copyright infringement against Defendants WDG, HOAR, and the Owner. But because the Amended Complaint only includes a conclusory allegation that Girard copied Plaintiff's copyrighted materials, Defendants' Motion to Dismiss must be granted with respect to the copyright infringement claim against Girard. Accordingly, Count II—the only count against Girard—will be dismissed. Defendants' Motion to Dismiss will be denied in all other respects.

An appropriate Order will issue this same day.

The Clerk of the Court is directed to provide a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
September 1, 2023

_____
T. S. Ellis, III
United States District Judge